## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARIE CLARK,
2424  Gold Canyon Rd., Apt. 816, San
Antonio TX, 78259

PLAINTIFF,

v.

Case No. 1:07-cv-0060

NOVARTIS PHARMACEUTICALS
CORPORATION
1 Health Plaza
East Hanover, NJ  07936

JURY DEMANDED

DEFENDANT.

## AMENDED COMPLAINT AND JURY DEMAND

NOW COMES plaintiff Marie Clark ("Plaintiff" or "Ms. Clark"), by and

through counsel, and hereby sues the Defendant, Novartis Pharmaceuticals

Corporation ("Novartis" or "Defendant"), a Delaware corporation with principal

offices located at 1 Health Plaza, East Hanover, New Jersey, 07936-1080 and for

her cause of action state:

## I.    INTRODUCTION

1.    The drugs Aredia® and Zometa®, each produced and marketed by

Novartis and other related Novartis entities, each cause and precipitate

osteonecrosis of the jaw, mandible or maxilla bone among patients taking those

drugs. Osteonecrosis is bone death resulting from poor blood supply to an area of the bone. Osteonecrosis of the jaw is a permanently disfiguring and extremely painful condition, and can result in the complete loss of the patient's jaw bone. Plaintiff Ms. Clark in this action was infused with Aredia® and Zometa®, and has suffered osteonecrosis of the mandible or jaw bone.

## II.    PARTIES

### A.    PLAINTIFF

2.    Plaintiff Ms. Clark is a citizen and resident of the State of Texas, residing in San Antonio, Texas. She was prescribed, purchased, and was infused with Aredia® and Zometa®, and as a result thereof suffered severe osteonecrosis of the jaw. Ms. Clark was infused with Aredia® and Zometa® as part of her treatment for multiple myeloma. As is the case with all patients suffering from this condition, Ms. Clark is at risk for future deterioration of her jaw and medical condition as a result of progression of the osteonecrosis.

### B.    DEFENDANT

3.    Defendant Novartis is a Delaware corporation with its corporate headquarters located at 1 Health Plaza, East Hanover, New Jersey, 07936-1080.

4.    At all times relevant hereto, Novartis was engaged in the business of marketing, distributing, promoting, testing, labeling and selling the drugs Aredia®

2

and Zometa®. Novartis, at present or in the past, markets and distributes Aredia®
and Zometa® throughout the world, including all fifty states in the United States, the
District of Columbia, and throughout Texas.

### III.    JURISDICTION AND VENUE

5.    This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332
(diversity jurisdiction) because the amount in controversy exceeds $75,000
exclusive of interest and costs, and because this is an action by an individual
Plaintiff who is a citizen of a different state from the Defendant. Venue is proper in
this District pursuant to 28 U.S.C. §§ 1391(a) and 1391(c).

### IV.    FACTUAL BACKGROUND

6.    Aredia® and Zometa® are classified as bisphosphonates and are
prescribed for the management of metastatic disease to the bone and other bone
diseases and conditions. Zometa® is Novartis's "successor" drug to Aredia®, as
Aredia® was the first generation version of the drug Zometa®. Zometa® is now
marketed by Novartis for all or almost of the uses for which it previously marketed
Aredia®. Aredia® and Zometa® have been approved by the United States Food and
Drug Administration.

7.    Because of the long "half-life" of the drugs Aredia® and Zometa® in
the body, the drugs remain in the bones of persons who have been infused with

them for at least many, many years or even permanently. For this reason, onset of osteonecrosis of the jaw or worsening of a patient's condition can occur years after infusions of the drugs have been discontinued.

8.    In the year 2002 or before, Novartis was notified by one physician that he had dozens of cases in which patients taking Aredia® had experienced problems so severe that they had lost portions of their jaws. Other oral surgeons during that time frame and before had been reporting such problems to Novartis. On information and belief, Novartis had similar information as to adverse effects caused by its drug Zometa®, which has similar properties and effects as Aredia® and is marketed by Novartis as a more effective replacement for Aredia®. Nevertheless, Novartis did not undertake to advise physicians, notify the consuming public or place information about the possibility of suffering osteonecrosis of the jaw on its products until September of 2004. Novartis did not undertake to notify dental professionals until May of 2005. These efforts to date by Novartis to provide notice are not adequate to provide the public and health care professionals with the information needed to understand the risks inherent in the use of Aredia® and Zometa®.

9.    Despite knowledge of the specific risk, Novartis has failed timely to initiate studies to further investigate risks associated with the use of Aredia® and

Zometa®.

10.    Further, Novartis had a duty fully to test and evaluate Aredia® and

Zometa® prior to their introduction to the market, to ensure that the drugs were safe

to use for their intended purpose.  Novartis failed to satisfy this duty.

11.    Novartis failed properly to conduct "dosing studies" to ascertain the

minimum effective quantities of Aredia® and Zometa®, and thereby to establish the

proper quantities of the drugs to be administered to patients and the proper number

of infusions which patients should receive.  Identifying the minimum effective

dosage and setting the dosage instructions accordingly are critical to avoiding the

occurrence of side effects.  As a result of Novartis's failure to instruct as to the

proper dosage, upon information and belief the amount of the drugs actually

administered to Ms. Clark constituted an overdose, and contributed to the side

effects and harm Ms. Clark has suffered.

12.    Ms. Clark was prescribed and infused with Aredia® and Zometa® in

the course of medical treatment and as a result of using those drugs has suffered

severe pain and suffering, discomfort and disfiguration through osteonecrosis of the

jaw.  As a result of the osteonecrosis, Ms. Clark suffers significant pain, difficulty

in ingesting food normally, physical disfigurement, emotional distress and mental

anguish, and has had her life span shortened.  Ms. Clark has incurred and will

5

continue to incur medical and health care related costs and expenses to treat her condition. Ms. Clark has been severely damaged in mind and in body, her enjoyment of life has been decreased, and she has been adversely affected in her avocations.

13.    Defendant knew or should have known that Aredia® and Zometa® are dangerously defective products which pose risks to human health, unknown and unknowable by the consuming public and medical professionals, including Ms. Clark and her health care providers, unless disclosed by Defendant.

14.    Because Novartis failed timely and sufficiently to notify Ms. Clark and her physicians and health care providers of the true risk of osteonecrosis of the jaw when using Aredia® or Zometa®, Ms. Clark was unable to undertake preventive dental care which may have prevented her development of osteonecrosis of the jaw or mitigated the harm she suffered.

6

COUNT I
STRICT LIABILITY

15.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

16.     The Defendant was engaged in the business of manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising and otherwise distributing Aredia® and Zometa® in interstate commerce, which it sold and distributed throughout the world, including the State of Texas.

17.     Ms. Clark was using Aredia® and Zometa® in the manner for which they were intended, or in a reasonably foreseeable manner.

18.     Aredia® and Zometa® were expected to and did reach Ms. Clark without substantial change in their condition as manufactured, created, designed, tested, labeled, sterilized, packaged, supplied, marketed, sold, advertised and otherwise distributed.

19.     Ms. Clark was not aware of, and reasonably could not have discovered, the actual dangerous nature of Aredia® and Zometa®.

20.     Aredia® and Zometa® cause increased risks of osteonecrosis of the jaw upon consumption, and therefore constitute products unreasonably dangerous for

7

normal use due to their defective design, defective manufacture, and the

Defendant's misrepresentations and inadequate facts disclosed to Ms. Clark

including, *inter alia*, the actual risk of developing osteonecrosis of the jaw and the

permanent, irreversible harm associated with this disease.

21.    As a direct and proximate result of Defendant's manufacturing,

creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing,

selling, advertising, and otherwise distributing Aredia® and Zometa® in interstate

commerce, Ms. Clark has suffered osteonecrosis of the jaw, and is at an increased

risk of developing other diseases and conditions.

22.    The Defendant, therefore, is strictly liable to Ms. Clark and Ms. Clark

is entitled to compensatory damages.  Additionally, Defendant's conduct was so

outrageous as to constitute ill will, bad motive and reckless indifference to the

interests of the consumers.  Ms. Clark therefore is entitled to punitive damages in an

amount to be proven at trial.

COUNT II
NEGLIGENCE - NEGLIGENT MANUFACTURE

23.    Plaintiff repeats and realleges, as if fully set forth herein, each and

every allegation contained in the above paragraph.

24.    It was the duty of the Defendant to use reasonable care in the

manufacturing, creating, designing, testing, sterilizing, packaging, supplying, and

8

otherwise distributing Aredia® and Zometa®.

25.     Contrary to its duty, the Defendant failed:  adequately and properly to test and inspect Aredia® and Zometa® so as to ascertain whether or not each was safe and proper for the purpose for which each was designed, manufactured and sold; adequately and properly to conduct a dosing study or otherwise to test Aredia® and Zometa® to ascertain the minimum effective dosage and to use this information to instruct users of the drugs of the proper dosage so as to minimize the risk of development of osteonecrosis of jaw or other side effects; to utilize and/or implement a reasonably safe design in the manufacture of Aredia® and Zometa®; to manufacture Aredia® and Zometa® in a reasonably safe condition appropriate for the use for which they were intended; and adequately and properly to test Zometa® to ascertain the proper infusion speed to reduce the risk of liver injury or other side effects.

26.     Defendant manufactured and sold Aredia® and Zometa®, which as constituted are and were a hazard to Plaintiff's health.  Defendant's manufacture and sale of Aredia® and Zometa® as constituted caused Ms. Clark to suffer adverse side effects and disease.

27.     Defendant was otherwise careless and negligent.

28.     As a direct and proximate result of Defendant's negligent, reckless,

9

and careless manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, and otherwise distributing Aredia® and Zometa® in interstate commerce, Ms. Clark has suffered osteonecrosis of the jaw, is at an increased risk of developing other diseases and conditions, and has suffered compensatory damages and is entitled to punitive damages in amounts to be proven at trial.

## COUNT III
## NEGLIENCE – FAILURE TO WARN

29.    Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs.

30.    It was the duty of the Defendant to use reasonable care in the labeling, marketing, selling, advertising, and promoting of Aredia® and Zometa®, and to warn Ms. Clark and her medical providers of the true risk of osteonecrosis of the jaw and other side effects when using Defendant's drugs.

31.    Contrary to its duty, the Defendant failed:  adequately and properly to warn Ms. Clark of the risks of serious complications and bodily harm when Aredia® and Zometa® are used in the manner for which they were intended; adequately and properly to warn Ms. Clark of the risks of diseases when Aredia® and Zometa® are used in a manner for which they were intended; adequately and properly to label Aredia® and Zometa® so as to warn Ms. Clark of the risks of complications and

10

disease; and adequately and properly to label Aredia® and Zometa® so as to warn

Ms. Clark of the risks of osteonecrosis of the jaw, to inform Ms. Clark and her

medical providers the proper speed at which to infuse Zometa® so as to reduce the

risk of liver injury or other side effects.

32.    Further, Defendant failed to meet the standard of care set by the

Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq., related

amendments and codes and federal regulations provided thereunder, the Sherman

Food, Drug and Cosmetic Law, and other applicable laws, statutes and regulations.

Defendant further failed in the following respects:

a.    The labeling lacked adequate information on the use of the drugs
Aredia® and Zometa® (21 C.F.R. Section 201.56(a) and (d));

b.    The labeling failed to provide adequate warnings of severe and
disabling medical conditions including, without limitation, osteonecrosis of the jaw,
and other adverse medical conditions as soon as there was reasonable evidence of
their association with the drug (21 C.F.R. 201.57(e));

c.    There was inadequate information for patients for the safe and
effective use of Defendant's drugs (21 C.F.R 201.57(f)(2));

d.    There was inadequate information regarding special care to be
exercised by Ms. Clark's doctors for safe and effective use of Defendant's drugs
(21 C.F.R. 201.57(f)(1));

e.    The labeling was misleading and promotional (21 C.F.R. 201.56(b));
and

f.    Defendant's acts constitute an adulteration and/or misbranding as

11

defined by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 331.

33.    Defendant's products Aredia® and Zometa® were unaccompanied by proper and adequate warnings regarding the risk of osteonecrosis of the jaw associated with the use of Defendant's products and the scope, severity and duration of such injuries.

34.    Despite Defendant's failure to provide adequate warnings to protect users or consumers of Aredia® and Zometa®, Defendant nevertheless continued aggressively to market, promote, distribute, and sell the dangerously defective products.

35.    As a result of Defendant's negligence and the violations of the statutes and regulations listed above, Ms. Clark suffered injuries and damages as alleged herein.

36.    As a direct and proximate result of Defendant's failure to warn, Ms. Clark has developed osteonecrosis of the jaw, is at risk of developing other diseases, and has suffered compensatory damages and is entitled to punitive damages in amounts to be proven at trial.

## COUNT IV
## BREACH OF EXPRESS WARRANTY

37.    Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs.

12

38.    Defendant expressly warranted to Ms. Clark, by and through statements made by Defendant or its authorized agents or sales representative, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the general public, that Aredia® and Zometa® were safe, effective, fit and proper for their intended use.

39.    In using Aredia® and Zometa®, Ms. Clark and her health care providers relied on the skill, judgment, representations and foregoing express warranties of the Defendant.  Said warranties and representations were false in that the aforementioned products were not safe and were unfit for the uses for which they were intended.

40.    As a direct and proximate result of Defendant's breaches of warranties, Ms. Clark has developed osteonecrosis of the jaw, is at risk of developing other diseases, and has suffered compensatory damages and is entitled to punitive damages in amounts to be proven at trial.

COUNT V
BREACH OF IMPLIED WARRANTY

41.    Plaintiff repeats and realleged, as if fully set forth herein, each and every allegation contained in the above paragraphs.

42.    Prior to the time that Aredia®  and Zometa® were used by Ms. Clark,

13

Defendant impliedly warranted to Ms. Clark that Aredia® and Zometa® were of merchantable quality and safe and fit for the use for which they were intended. Ms. Clark is unskilled in the research, design and manufacture of Aredia® and Zometa® and reasonably relied on the skill, judgment and implied warranty of the Defendant in using Aredia® and Zometa®.

43.    Aredia® and Zometa® were neither safe for their intended use nor of merchantable quality, as warranted by Defendant, in that they had dangerous propensities when put to their intended use and would cause severe injuries to the user.

44.    As a direct and proximate result of Defendant's breaches of warranties, Ms. Clark has developed osteonecrosis of the jaw, is at risk of developing other diseases, and has suffered compensatory damages and is entitled to punitive damages in amounts to be proven at trial.

WHEREFORE, Plaintiff prays that this honorable Court enter judgment against Novartis, and in favor of the Plaintiff, and to award the following relief:

a.    Award Plaintiff Ms. Clark all damages allowed by law to compensate her for the physical injury, pain, suffering, emotional distress, mental anguish, physical disability and physical disfigurement and other losses which she has endured;

b.    Award Plaintiff Ms. Clark damages equal to the amount of her medical and health care costs and expenses incurred to the present and in the future;

14

c.   Award Plaintiff Ms. Clark damages in an amount sufficient to compensate her for the likely future deterioration of her medical condition as a result of the harm she has suffered from use of Defendant's products;

d.   Award Plaintiff punitive/exemplary damages to the extent necessary and appropriate to punish and deter the conduct complained of herein;

e.   Award Plaintiff attorneys' fees and costs, plus interest, as allowed by law; and

f.   Award Plaintiff such other and further legal and equitable relief as this honorable Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of this action.

VALAD & VECCHIONE, PLLC

Bart T. Valad, Esq. (DC Bar No. 462814)
John J. Vecchione, Esq. (DC Bar No. 43176)
3863 Plaza Drive
Fairfax, Virginia 22030
Telephone: (703) 352-4800
Fax: (703) 352-4820

Dated: January 23, 2007

15